**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4112**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL ARMSTEAD JEFFERSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. M. Hannah Lauck, District Judge. (3:16-cr-00093-MHL-1)

Submitted: August 22, 2017                    Decided: October 13, 2017

Before NIEMEYER, TRAXLER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, STONE CARDWELL & DINKIN, PLC, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, Stephen E. Anthony, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Carl Armstead Jefferson, Jr., for possession with intent to distribute 28 grams or more of cocaine base (Count One), possession with intent to distribute heroin (Count Two), being a felon in possession of a firearm (Count Three), and possession of a firearm in furtherance of a drug trafficking crime (Count Four). After the district court denied Jefferson's motion to suppress the evidence seized during his arrest, Jefferson agreed to plead guilty to Counts One and Four but preserved his right to appeal the denial of his suppression motion. For the reasons that follow, we affirm.

When considering the denial of a motion to suppress, we "review de novo a district court's rulings with respect to reasonable suspicion" and we "will not disturb factual findings made by a district court after an evidentiary hearing on suppression issues" absent clear error. *United States v. Palmer*, 820 F.3d 640, 648 (4th Cir. 2016). Because the Government prevailed on the suppression issue below, this Court construes "the evidence in the light most favorable to the [G]overnment." *Id.*

"The Fourth Amendment permits an officer to make an investigative detention or stop only if supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." *United States v. Foster,* 634 F.3d 243, 246 (4th Cir. 2011) (internal quotation marks omitted). The officer must have "at least a minimal level of objective justification" for making the stop and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." *Illinois v. Wardlow,* 528 U.S. 119, 123-24 (2000) (internal quotation marks omitted). We assess whether an officer has articulated reasonable suspicion for a stop under the totality of the

2

circumstances, giving "due weight to common sense judgments reached by officers in light of their experience and training." *United States v. Perkins*, 363 F.3d 317, 321 (4th Cir. 2004). "Thus, factors which by themselves suggest only innocent conduct may amount to reasonable suspicion when taken together." *Id.* In assessing whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, "it is entirely appropriate for courts to credit the practical experience of officers who observe on a daily basis what transpires on the street." *Palmer,* 820 F.3d at 652 (internal quotation marks omitted); *see also United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) ("Judicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement.").

We have thoroughly reviewed the record, considered Jefferson's arguments, and conclude that law enforcement had reasonable suspicion to stop and detain Jefferson based on the factors identified by the district court. Those factors include: (1) the officer's experience and knowledge that the parking lot and the adjacent one were used for daytime drug transactions; (2) several occupied cars parked in the lot; (3) the occupants of the cars were looking at cellphones and at a particular entrance to the parking lot; (4) the occupants took notice when Jefferson's vehicle entered the lot; (5) Jefferson signaled the others to join him in the next lot; and (6) the parked cars started moving and following Jefferson's car into the adjacent lot.

3

Viewing the totality of the evidence in the light favorable to the Government, we conclude that there was reasonable suspicion to detain Jefferson. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*